EL PUEBLO EX REL. SIFRE v. EL CONSEJO EJECUTIVO DE PUERTO RICO.

PETICIÓN para que se dicte auto de Mandamus.

No. 6.—Resuelto en Noviembre 7, 1904

MANDAMUS—PARTE BENEFICIADA É INTERESADA.—El peticionario en un procedimiento de *Mandamus* debe ser parte beneficiada é interesada en los actos cuya ejecución se trate de obtener por virtud de tal procedimiento.

La solicitud fué presentada al Juez Asociado Sr. Hernández en su despacho.

EXPOSICIÓN DEL CASO.

El peticionario ó demandante expone los hechos en su solicitud en la siguiente forma:

Que la Sección 251 de los Estatutos Revisados de Puerto Rico ordena que el Consejo Ejecutivo de Puerto Rico hará que se impriman en la papeleta electoral oficial los nombres de cualesquiera candidatos para cargos electivos, cuando la

petición sea hecha *por quinientos firmantes que estén inscritos en el registro como* votantes capacitados para dicha elección.

Que fundados en este precepto legal, un grupo d'e electores de la municipalidad de Cabo-Rojo, bajo la denominación de Partido Republicano Puro, solicitó del Hon. Secretario de Puerto Rico la inclusión en la papeleta Oficial electoral de la siguiente candidatura:

Alcalde:—Ulises Pabón Rivera, residente en Cabo Rojo.

Juez Municipal:—Juan Colberg Cuesta, residente en Cabo Rojo.

Marshal del Juzgado Municipal:—Rodrigo Ramirez Vigo, residente en Cabo Rojo.

Secretario del Juzgado Municipal:—Augusto Biaggi, residente en Cabo Rojo.

Junta Escolar:—Loreto J. Montalvo, residente en Cabo Rojo; Delfín Ramirez, residente en Cabo Rojo; Julio Viscovich, residente en Cabo Rojo.

Concejales:—Federico Ronda Vilanova, residente en Cabo Rojo; Francisco J. Bernardini, residente en Cabo Rojo; Máximo Avilés, residente en Cabo Rojo; Pedro Pascual Larracuenta, residente en Cabo Rojo; Santiago Vega, residente en Cabo Rojo.

Secretario de la Corte de Distrito del Distrito Judicial de Mayagüez:—William Falbe, residente en Mayagüez.

. Marshal de la Corte de Distrito del Distrito Judicial de Mayagüez:—Rafael Maranges, residente en Mayagüez.

Que dicha petición, que fué hecha en 26 de Septiembre de 1904, está suscrita por quinientas noventa y ocho firmas, de personas que aseguran estar inscritas en el Registro como votantes capacitados para la elección que ha de verificarse el ocho de Noviembre de 1904, en la isla de Puerto Rico (según lo compruebo con el documento que acompaño bajo el num. 1.) y en su consecuencia dicha inclusión fué hecha y los nombres de los candidatos anteriormente relacionados, figuran en dicha papeleta óficial electoral.

Que con posteroridad se ha comprobado que de las quinientas noventa y ocho firmas de las personas que auto-

rizan esa solicitud, y que aseguran estar inscritas como votantes capacitados, en el Registro de esta elección, ciento cuarenta y una no están inscritas en el Registro y setenta y tres son de muy dudosa existencia, según lo comprueba con el documento que bajo el num. 2 se acompaña.

Que hecha la correspondiente deducción de estos nombres, la solicitud sólo aparece suscrita por trescientos setenta y cuatro electores capacitados, en vez de los quinientos que quiere y exige la ley.

Que antes de empezar á ejercitar el recurso que hoy se inicia ante esta Corte, el peticionario requirió, por conducto del Comité Directivo del Partido á que pertenece, al Hon. Secretario de Puerto Rico para que llevase á efecto la exclusión en la papeleta electoral oficial, de la candidatura presentada por el Partido Republicano Puro de la Municipalidad de Cabo-Rojo, no habiendo podido conseguirlo por las razones que dicho Secretario expresa en la carta que con el num. 3 se acompaña á esta instancia, siendo por consiguiente, el recurso que aquí se utiliza, el único remedio adecuado y eficáz para conseguir que no figure en la papeleta electoral oficial una candidatura que en ella figura hoy, sin reunir los requisitos de la Ley.

Que si por las prescripciones de la Sección 251 de los Estatutos Revisados de Puerto Rico, el Consejo Ejecutivo de Puerto Rico tiene la facultad de ordenar la impresión de las papeletas electorales oficiales que han de servir para votar en unas elecciones generales, cuando se cumplan todas las prescripciones de la Ley, es incuestionable que tiene también la facultad de impedir y es su deber evitar que en dichas papeletas electorales oficiales figure ninguna candidatura para cuya inclusión en dicha papeleta no se han llenado todos los requisitos de la ley, empleando y poniendo para ello en vigor los medios que la misma ley autoriza.

Por lo tanto, en vista de que el derecho que asiste al peticionario para pedir una orden de mandamus es claro y evidente, y no pueden darse excusas algunas para su incumpli-

miento, el peticionario solicita de esta Hon. Corte que dicte un auto de *Mandamus* perentorio, en primera instancia, contra el Consejo Ejecutivo de Puerto Rico, constituido por Regis H. Post, Roland F. Falkner, Willis Sweet, William F. Willoughby, R. S. Rockell, Andrés Crosas, José Guzmán Benitez, José Gomez Brioso y Herminio Diaz, ordenándole que excluya de la papeleta electoral oficial los nombres de los individuos (Ulises Pabón Rivera, Juan Colberg Cuesta, Rodrigo Ramirez Vigo, Augusto Biaggi, Loreto J. Montalvo, Delfin Ramirez, Julio Viscovich, Federico Ronda Vilanova, Francisco J. Bernardini, Máximo Avilés, Pedro Pascual Larracuenta, Santiago Vega, William Falbe, Rafael Maranges,) que constituyen la candidatura presentada por el Partido Republicano Puro de la Municipalidad de Cabo Rojo, utilizando para ello el procedimiento más adecuado de acuerdo con la ley.

Abogado del demandante: *Sr. Falcón.*

Opinión del Juez Asociado *Sr. Hernández.*

No demostrando el demandante Don Jaime Sifre ser parte beneficiosamente interesada en la expedición del auto de Mandamus que solicita, pués aunque alega y jura que es candidato á la Cámara de Delegados por el Distrito de Mayagüez, en la candidatura del Partido Republicano Puro, á que se refiere en su escrito, no figura candidato alguno para aquél cargo de Delegado.

Vista la Sección 3a de la Ley de 12 de marzo de 1903, estableciendo el auto de Mandamus y también las decisiones de esta Corte Suprema recaidas en dos casos de Mandamus, uno de ellos promovido en la Corte de Distrito de Guayama por el Presidente de la Junta Local dèl Partido Unión de Puerto Rico en Santa Isabel, y el otro ante esta Corte Suprema por Don Felipe Casaldúc Goicoechea.

Se desestima el auto de Mandamus solicitado por Don Jaime Sifre.